FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 12, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,
Plaintiff,
v.
CHAD DEVIN NEUBERGER,
Defendant.

No. 4:24-CR-06032-SAB-2

**ORDER GRANTING MOTION FOR DISCOVERY PROTECTIVE ORDER**

Before the Court is the United States' Unopposed Motion for Protective Order Regulating Disclosure of Discovery and Sensitive Information, ECF No. 100. Defendant is represented by Nicholas B. Johnson. The United States is represented by Jeremy J. Kelley. The Motion was considered without oral argument.

The United States requests the Court enter a Protective Order regarding the dissemination of discovery materials and sensitive information in this matter. The United States indicates that Defendant does not oppose the request. The Court finds good cause to grant the Motion.

Accordingly, **IT IS HEREBY ORDERED**:

1. The United States' Unopposed Motion for Protective Order Regulating Disclosure of Discovery and Sensitive Information, ECF No. 100, is **GRANTED**.

**The Protective Order is entered as follows:**

2. The United States is authorized to disclose the discovery including sensitive information and materials (hereinafter "Discovery") in its possession pursuant to the discovery obligations imposed by this Court.

3. Government personnel and counsel for CHAD DEVIN NEUBERGER ("Defendant"), shall not provide, or make available, the sensitive information in the Discovery to any person except as specified in the Order or by approval from this Court. Counsel for Defendant and the Government shall restrict access to the Discovery, and shall only disclose the sensitive information in the Discovery to their client, office staff, investigators, independent paralegals, necessary third-party vendors, consultants, and/or anticipated fact or expert witnesses to the extent that defense counsel believes is necessary to assist in the defense of their client in this matter or that the Government believes is necessary in the investigation and prosecution of this matter.

4. Third parties contracted by the United States or counsel for Defendant, to provide expert analysis or testimony, may possess and inspect the sensitive information in the Discovery, but only as necessary to perform their case-related duties or responsibilities in this matter. At all times, third parties shall be subject to the terms of the Order.

5. Discovery in this matter will be available to defense counsel via access to a case file on USA File Exchange. Counsel for Defense may download Discovery from USA File Exchange and shall exercise reasonable care in ensuring the security and confidentiality of the Discovery by electronically storing the Discovery on a password-protected or encrypted storage medium, including a password-protected computer, or device. If Discovery is printed, Counsel must also exercise reasonable care in ensuring the security and confidentiality of the Discovery by storing copies in a secure place, such as a locked office, or otherwise secure facility where visitors are not left unescorted.

6. All counsel of record in this matter, including counsel for the United States, shall ensure that any party, including the Defendants, that obtains access to the Discovery is advised of this Order and that all information must be held in strict confidence and that the recipient may not further disclose or disseminate the information. Any other party that obtains access to, or possession of, the Discovery containing discovery information once the other party no longer requires access to or possession of such Discovery shall promptly destroy or return the Discovery once access to Discovery is no longer necessary. No other party that obtains access to or possession of the Discovery containing sensitive information shall retain such access to or possession of the Discovery containing sensitive information unless authorized by this Order, nor further disseminate such Discovery except as authorized by this Order or the further Order of this court. For purposes of this Order, "other party" is any person other than appointed counsel for the United States or counsel for Defendants.

7. All counsel of record, including counsel for the United States, shall keep a list of the identity of each person to whom the Discovery containing sensitive information is disclosed. Neither counsel for Defendants nor counsel for the United States shall be required to disclose this list of persons unless ordered to do so by the Court.

8. Upon entry of a final order of the Court in this matter and conclusion of any direct appeals, government personnel and counsel for Defendants shall retrieve and destroy all copies of the Discovery containing sensitive information, except that counsel and government personnel may maintain copies in their closed files following their customary procedures.

//

//

//

//

9. Government personnel and counsel for Defendants shall promptly report to the Court any known violations of this Order.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 12th day of November 2026.

Stan Bastian
Chief United States District Judge